1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10     DAMIEN W. STROUD,

11                    Petitioner,                    No. 2:11-cv-2882 CKD

12          vs.

13     RICK HILL, Warden[1],

14                    Respondent.             ORDER

15     _____/

16              Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17     corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's February 6, 2012 motion

18     to dismiss the petition as untimely filed.  (Dkt. No. 9.)  Petitioner has filed an opposition to that

19     motion and respondent has filed a reply.  (Dkt. Nos. 15, 16.)  The parties have consented to this

20     court's jurisdiction.  (Dkt. Nos. 4, 8.)  For the reasons discussed below, the undersigned will

21     grant respondent's motion to dismiss.

22     ////

23

24          [1] Petitioner has named the State of California Attorney General as respondent.
       Respondent requests the substitution of Rick Hill, the current Warden of Folsom State Prison, as
       the correct respondent in this matter.  See Stanley v. California Supreme Court, 21 F.3d 359, 360

25     (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody
       of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254).

26     Accordingly, the court now substitutes in the correct respondent.

PROCEDURAL HISTORY

Petitioner pled no contest in San Joaquin County Superior Court to two counts of second degree robbery in violation of California Penal Code section 211 and a sentencing enhancement for personal use of a firearm in violation of section 12022.53(B).  On July 18, 2008, he was sentenced to a determinate state prison term of thirteen years.  (Dkt. No. 1 ("Ptn.") at 1; Lod. Doc. 1.)[1]

Petitioner did not appeal the judgment.  However, he filed three post-conviction collateral challenges to the judgment in the state courts:

On January 8, 2010, he filed a petition for writ of habeas corpus in the San Joaquin County Superior Court.  (Lod. Doc. 2.)  On January 14, 2010, the superior court denied the petition in a reasoned opinion.  (Lod. Doc. 3.)

On March 4, 2010, he constructively filed[2] a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (Lod. Doc. 4.)  On March 11, 2010, the court of appeal summarily denied the petition.  (Lod. Doc. 4.)

On April 18, 2010, he constructively filed a petition for writ of habeas corpus in the California Supreme Court.  (Lod. Doc. 6.)  On November 10, 2010, the supreme court summarily denied the petition.  (Lod. Doc. 7.)

Petitioner constructively filed the instant action on September 26, 2011; however, it was not docketed until November 1, 2011.  (Ptn. at 6.)  Petitioner claims that the personal

---

[1]  Lodged documents refer to those documents lodged by respondent on February 7, 2012. (Dkt. No.10.)

[2]  "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'  Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988).  The mailbox rule applies to federal and state petitions alike.  See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

Here, it is not clear from the record when petitioner's superior court petition was constructively filed, so the court will refer to the file-stamped date of January 8, 2010.  (See Lod. Doc. 2; Dkt. No. 9 at 2, n. 2.)

firearm enhancement that accounts for ten years of his sentence is unconstitutional because the judge at his preliminary hearing found insufficient evidence to support this enhancement. Petitioner also claims that his trial counsel rendered ineffective assistance under the Sixth Amendment for failing to "properly investigate facts to petitioner's detriment" in connection with the firearm enhancement.  (Id. at 4-5.)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

\\\\\

3

1       The AEDPA statute of limitations is tolled during the time a properly filed

2  application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The

3  statute of limitations is not tolled during the interval between the date on which a decision

4  becomes final and the date on which the petitioner files his first state collateral challenge.  Nino

5  v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are

6  commenced, a state habeas petition is "pending" during a full round of review in the state courts,

7  including the time between a lower court decision and the filing of a new petition in a higher

8  court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S.

9  189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

10                                    ANALYSIS

11  I. Commencement of the Running of the Limitation Period

12       Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which

13  the judgment became final by the conclusion of direct review or the expiration of the time for

14  seeking such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The

15  statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct

16  criminal appeals in the state court system, followed by either the completion or denial of

17  certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought,

18  then by the conclusion of all direct criminal appeals in the state court system followed by the

19  expiration of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at

20  897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187

21  (1999)).

22       Here, petitioner did not seek direct review of his July 18, 2008 conviction and

23  sentence.  Thus, the time to seek direct review ended sixty days later on September 16, 2008,

24  when time to file a direct appeal with the California Court of Appeal, Third Appellate District,

25  expired.  Cal. Rule of Court, Rule 8.308.  The one-year limitations period commenced running

26  the following day, September 17, 2008, and concluded one year later on September 16, 2009.  28

                                         4

U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a).  Thus the last day to file a federal petition was on September 16, 2009, plus any time for tolling.  The instant petition was constructively filed two years later on September 26, 2011.

A.  Preliminary Hearing Transcript

In his opposition to the motion to dismiss, petitioner argues that he is entitled to a later start date of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which provides that the period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner asserts that he

> did not know of any potentially meritorious claims (or could not have proved such a claim) until such time that he received his Preliminary Hearing Transcripts from his father. [Record citations.] When petitioner received his transcripts on or about October 15, 2009, he still had to research and prepare his petition for state court filing.  As a result, Petitioner acted with all reasonable diligence in the preparation and presentation of his claims to the lower courts of the State of California.

(Dkt. No. 15 ("Opp.") at 4.)  Petitioner attaches a signed declaration from his father which states:

> My son Damien informed me that he thought that the allegations of 'gun use' against him at criminal trial in San Joaquin County were disapproved at his Preliminary Hearing.  He informed me that he should not have been punished for an extra ten years as a result of these charges not proved.
>
> I asked him what we could do about this problem and he told me that he did not have the transcripts from his Preliminary Hearing.  I told him that I would do whatever he wanted me to do to solve this problem.
>
> My son asked me to go down to the San Joaquin County Clerk's Office to attempt to procure these Preliminary Hearing Transcripts.
>
> When I went down to [the clerk's office] October 13, 2009 I was able to procure several documents pertaining to my son's criminal trial[.] I immediately forwarded the documents to him at Folsom State Prison.
>
> This was the soonest I was able to assist my son.

(Opp. at 14 (Attachment 1).)

1        Courts in similar cases have rejected the argument that the AEDPA clock starts

2   running when petitioner receives a transcript of a court proceeding at which he was present.  In

3   Fuschak v. Dickinson, 2012 WL 78473 at *2 (N.D. Cal. 2012), the court reasoned that such an

4   argument

> fails [because] the court records are not the factual predicate of any
> claim and Fuschak has not shown that he was unaware of the
> factual predicate of any particular claim without the court records.
> He was at the trial, and presumably was aware of what was
> occurring at the trial. See, e.g., United States v. Battles, 362 F.3d
> 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though
> petitioner did not have access to trial transcripts, the facts
> supporting claims which occurred at the time of his conviction
> could have been discovered if he "at least consult[ed] his own
> memory of the trial proceedings"; because he did not do so, he did
> not exercise due diligence and was not entitled to a delayed start of
> the limitations period under § 2255(4)).

12        Similarly, in Coffin v. Evans, 2011 WL 3667421 at *2-3 (E.D. Cal. 2011),

13   petitioner argued that the limitations period began to run on "the date he received his trial court

14   transcripts from his attorney . . . , rather than the date the judgment became final, because upon

15   receiving his transcripts petitioner 'became aware of the particular facts in the transcripts that

16   actually allowed him to assert his Cunningham claims.'  He argue[d] that without the information

17   in the transcripts 'it was impossible for him to remember all of the testimony, motions,

18   objections, rulings, factual findings, and other events that might have given rise to a Cunningham

19   claim.'"  The court held that, because petitioner was present at the hearing, he "knew or should

20   have known" the factual basis of his claim before receiving the transcript.  "Furthermore,

21   petitioner alleges that he began to think 'it was possible' to bring a Cunningham claim before he

22   received his transcripts, which implies that he was indeed aware of the predicate facts at that

23   time."  The court concluded that petitioner was not entitled to a later start date under section

24   2244(d)(1)(D).

25   \\\\\

26   \\\\\

1    Here too, petitioner was present at the preliminary hearing where the trial court

2    found insufficient evidence for a firearm enhancement under 12022.53(B).[3]  His father's

3    declaration indicates that, even before petitioner received the hearing transcript, he "thought the

4    allegations of 'gun use' against him . . . were disapproved at his Preliminary Hearing."  Thus, as

5    in the above cases, petitioner knew or should have known the factual predicate of his claims

6    before he received the hearing transcript, and is not entitled to a delayed start date of the AEDPA

7    limitations period under section 2244(d)(1)(D).

8    II.  Statutory Tolling

9    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

10   application for State post-conviction or other collateral review with respect to the pertinent

11   judgment or claim is pending shall not be counted toward" the one-year limitation period.  28

12   U.S.C. § 2244(d)(2).

13   Petitioner filed three up-the-ladder state habeas petitions in January, March, and

14   April 2010, as described above.  All three were filed after the AEDPA statute of limitations had

15   expired on September 16, 2009.  The tolling provision of section 2244(d)(2) can only pause a

16   clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the

17   clock to zero).  Thus, a state court habeas petition filed beyond the expiration of AEDPA's

18   statute of limitations does not toll the limitations period under section 2244(d)(2).  See Ferguson

19   v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.

20   2001).  Accordingly, petitioner's three state habeas petitions, all of which were filed after the

21   AEDPA deadline, cannot toll the running of the already-run statute.

22   \\\\\

23

24        [3] Instead, the court found that the evidence supported an enhancement under section
     12022(b), a "general arming" statute which does not include "personal use" of a firearm.  (Lod.
25   Doc. 7, Attached transcript of June 12, 2007 preliminary hearing, at 31-46.)  However, at
     petitioner's Change of Plea hearing on July 18, 2008, petitioner admitted to use of a firearm
26   "within the meaning of 12022.53(b) of the Penal Code, which adds ten years additional," as
     expressly stated to him at that hearing.  (Lod. Doc. 3 (superior court opinion on habeas review).)

III.  Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the limitations period because he lacks knowledge of the law.  (Opp. at 6.)  However, the Ninth Circuit has held that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Thus petitioner is not entitled to tolling on this basis.

IV.  Lack of Jurisdiction

Finally, petitioner argues that, in unlawfully sentencing him pursuant to the personal use firearm enhancement, the superior court acted in excess of its jurisdiction under California law.  He argues that, under state law, such an error may be corrected at any time. (Opp. at 2-4, 6-8.)  However, the timeliness of a federal habeas petition is not governed by state law, but by AEDPA.  Thus, assuming that petitioner's argument is a correct statement of California law, "it does not in any way impugn the constitutionality of the [federal] one-year limitation period[.]"  Cassells v. Knowles, 2010 WL 455469 at *2 (E.D. Cal. 2010) (quoting Isabello v. Clark, 2008 WL 5070058 at *5 (E.D. Cal. 2008)).

CONCLUSION

For the foregoing reasons, the undersigned concludes that the petition is untimely under AEDPA.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

1      Accordingly, IT IS HEREBY ORDERED that:

2      1.  The Clerk of Court substitute Rick Hill, Warden, as respondent in this action;

3      2.  Respondent's February 6, 2012 motion to dismiss for untimeliness (Dkt. No. 9)

4  is granted; and

5      3. This case is closed.

6   Dated: June 8, 2012

7

8                                              CAROLYN K. DELANEY
                                               UNITED STATES MAGISTRATE JUDGE
9

10  2
    stro2882.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26